702 P.2d 912

**Roger Eugene ORR and Gay Orr, husband and wife, and Marshall David Orr and J'Lene Orr, husband and wife, Plaintiffs-Respondents, Cross-Appellants,**

v.

**Eugene ORR, Defendant-Appellant-Cross-Respondent.**

**Nos. 14860, 15010.**

Court of Appeals of Idaho.

July 3, 1985.

Eugene L. McCoy and R.M. Whittier (argued), Whittier & Souza, Pocatello, for defendant-appellant.

Gregory S. Anderson, Albaugh, Smith, Pike, Smith & Anderson, Idaho Falls, for plaintiffs-respondents.

PER CURIAM.

This is an appeal from a summary judgment confirming an arbitration award. The appellant, Eugene Orr, contends that the award should have been set aside because the arbitration proceedings did not conform to the Idaho/Uniform Arbitration Act, I.C. §§ 7–901 to –922. The opposing parties—Eugene's sons Roger and Marshall Orr, together with their spouses Gay and J'Lene Orr—have cross-appealed, asserting that the district court should have awarded them attorney fees. We affirm the summary judgment and the order denying attorney fees.

The pertinent facts are uncontroverted, leaving only issues of law to be decided. The underlying dispute among the parties arises from a lease of farmland and equipment. The younger Orrs sued Eugene, claiming that he had breached the lease.

Eugene counterclaimed, asserting that they, not he, had breached the lease and setting forth numerous other conflicts among the parties. After a further exchange of pleadings, the parties entered into an agreement to discontinue the litigation and to submit all disputes to a three-member arbitration panel. The agreement recited that the arbitrators would be members of the same church as were the parties, the Church of Jesus Christ of Latter-Day Saints. It further provided that the parties waived their rights to counsel in the arbitration proceedings and that the parties could call witnesses to testify under oath.

The arbitration panel was convened and testimony was presented. However, witnesses were not placed under oath. When the arbitration panel reached a decision, the younger Orrs filed a motion in the district court, where the litigation previously had been pending, requesting confirmation of the arbitrators' decision as provided by I.C. § 7–911. Eugene resisted the motion. More pleadings were exchanged. Ultimately, the court issued a summary judgment confirming the decision. The court also entered an order denying any award of attorney fees. This appeal and cross-appeal followed.

Idaho Code § 7–901, part of the Idaho/Uniform Arbitration Act, provides:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract....

Eugene contends that the arbitration proceeding was not conducted under the authority of the Uniform Act and that the arbitrators' decision was not entitled to court confirmation under I.C. § 7–911. He asserts that the arbitration panel was, in reality, an ecclesiastical court. The sole ground for this argument is that the three arbitrators were members of the LDS Church. We find this to be unpersuasive.

The record contains no showing that the arbitration was intended to, or did in fact, involve spiritual matters rather than secular disputes concerning the farm lease and other commercial arrangements. The mere fact that the arbitrators were members of the designated church did not, without more, place the arbitration proceedings beyond the broad subject matter scope of the Act.

■ Eugene next contends that if the Act applies, the proceedings contained procedural defects invalidating the result. Specifically, he invites attention to the facts that witnesses were not placed under oath and that—contrary to I.C. § 7–906—attorneys were not allowed to appear for parties during the arbitration hearing. However, judicial review of arbitration decisions is strictly limited. Review by a district court is restricted to a determination of whether any of the grounds for relief stated in the Uniform Act exist. *Loomis, Inc. v. Cudahy*, 104 Idaho 106, 656 P.2d 1359 (1982). Moreover, in order for the merits of a challenge to be considered, it must have been timely presented under I.C. § 7–912(b):

> An application under this section [vacating an award] shall be made within ninety (90) days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known.

■ Compliance with this statutory time frame is required before a court can vacate any arbitration decision. *Bingham County Commission v. Interstate Electric Co.*, 105 Idaho 36, 665 P.2d 1046 (1983). *See also Hatch v. Double Circle Ranch*, 22 Ariz.App. 124, 524 P.2d 958 (1974). A timely motion must be made even if the party seeking to set aside the arbitrators' decision asserts a valid ground for doing so under the Act. Failure to comply with the ninety-day time limit raises an absolute bar to a motion to vacate under I.C. § 7–912(b). *Bingham County Commission v. Interstate Electric Co., supra.*

■ Here, Eugene's request was untimely. The first objection to the decision which might be interpreted as an application to vacate the decision was filed on March 12, 1982. Eugene received a copy of the arbitrators' decision on October 8, 1981, some five months earlier. We conclude that Eugene's objections to confirmation of the decision were time-barred. Summary judgment was properly entered.

■ We now turn to the cross-appeal, in which the younger Orrs have attacked the denial of attorney fees by the district court. The court held a hearing on the attorney fee question. The younger Orrs argued for attorney fees on a contract theory and under I.C. § 12–121. The district court rejected the contract theory because the contract providing for an award of attorney fees was not at issue in these proceedings. The younger Orrs do not dispute this holding on appeal, but they claim that an award of attorney fees should have been made under I.C. § 12–121. Such an award may be made if a claim is made or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1). This determination rests in the sound discretion of the district court. The burden is on those disputing an award, or lack of an award, to show an abuse of discretion. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). We do not believe the district judge abused his discretion by refusing to characterize as frivolous, unreasonable or without foundation the issue of whether the arbitration agreement in this case was within the scope of the Uniform Act. Therefore, we uphold the order denying attorney fees.

The summary judgment is affirmed. Costs to respondents. No attorney fees on appeal.