80 P.3d 1088

**Ronald Dean REECE, Plaintiff–Appellant,**

v.

**U.S. BANCORP PIPER JAFFRAY, INC., a Delaware corporation, Larry Bull, an individual, and Gerald Aznoe, an individual, Defendants–Respondents.**

No. 28054.

Supreme Court of Idaho,
Pocatello, September 2003 Term.

Nov. 25, 2003.

Norman G. Reece Jr., Pocatello, for appellant. Norman G. Reece Jr. argued.

Moffatt, Thomas, Barrett, Rock & Fields, Pocatello, for respondents. Gary T. Dance argued.

KIDWELL, Justice.

The Appellant, Ronald Dean Reece, claims the Respondents, Piper Jaffray and its employees as individuals, Gerald Aznoe, a stock broker, and Larry Bull, Branch Manager, made unsolicited trades in his accounts (known as "churning") and then sold his stock in complete disregard to the Appellant's explicit instructions. Appellant appealed the denial of his Application to Vacate the Arbitration Award with the district court and the granting of the Respondents' Motion to Dismiss. The judgment of the district court is affirmed.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Appellant Ronald Reece traded securities with Respondent U.S. Bancorp Piper Jaffray, Incorporated, through Respondents Gerald Aznoe (Piper Jaffray broker) and Larry Bull (Piper Jaffray branch manager), during the years 1987 to 1998. During the summer of 1998, the Appellant engaged in day trading by requesting the Respondents execute certain trades on his behalf. During the months of August, September, and October the Appellant lost money due to a decline in the value of Dell Computer Stock which was the major component of his account. The Appellant's original complaint accused the Respondents of "churning" his account by frequently

selling at a loss, while collecting a commission, and of making an unauthorized sale against the Appellant's explicit instructions, which resulted in damages.

On August 28, 1999, the Appellant submitted a Statement of Claim to the National Association of Securities Dealers, Inc. (hereinafter "NASD") against the Respondents. A three-member Arbitration Panel was appointed in March 2000, pursuant to the Customer Options Agreement (hereinafter "agreement") of the parties, which mandated dispute resolution by arbitration. On May 18, 2000, the chairman of the Panel conducted a pre-hearing conference and ordered the parties to serve all discovery requests by June 16, 2000, and reply to all requests by July 17, 2000. The chairman also set the arbitration date for October 23 and 24 of 2000.

The Appellant filed a Motion to Compel the Respondent to comply with the Appellant's discovery requests. The Arbitration Panel held a hearing on October 3, 2000, where the Respondent, Piper Jaffray, was ordered to produce the following: (1) any customer complaints regarding Mr. Aznoe; and (2) the most recent statement of its financial condition. The panel chairman sustained all other discovery objections by the Respondent. Notwithstanding, the Respondent did obtain and produce representative samples of order tickets. Included in that production were the order tickets for the purchase and sale of the 3,400 Dell shares on September 29, 1998, and October 8, 1998, that resulted in $89,078.00 of the $103,238.00 in losses the Appellant sought to recover.

At the hearing on the Motion to Compel, the Appellant requested the chairman postpone the hearing so the Appellant could ensure that all relevant documents were produced. The Appellant's request was denied and the arbitration hearing was held on October 23 and 24, 2000. On November 21, 2000, the Arbitration Panel entered a unanimous award dismissing the Appellant's claims after reviewing all evidence presented at the hearing. The Panel's Arbitration award also ordered the Respondent to pay all NASD forum fees and related NASD costs and expenses because the Panel determined the Respondent did not fully cooperate in the discovery or the pre-hearing exchange of documents process. Each party was held responsible for their own costs and legal fees.

On February 16, 2001, the Appellant filed an Application to Vacate Arbitration Award pursuant to Idaho Code §§ 7–912(a)(1) and 7–912(a)(4) with the District Court of the Sixth Judicial District, alleging the Respondent procured the award in their favor as a result of their fraud or other undue means and because the arbitrators refused to postpone the hearing upon sufficient cause being shown. On March 26, 2001, the Respondent filed a Motion to Dismiss Plaintiff's Application to Vacate Arbitration Award and a Motion to Confirm Arbitration Award, stating that the Appellant failed to meet the standards required by 9 U.S.C. § 10 for an award to be vacated. According to Idaho Code § 7–912(b), an application to vacate must be made within 90 days after delivery of a copy of the award to the applicant. The application was timely because the application was filed on February 16, 2001, which is less than 90 days from November 21, 2000, the date of the arbitration award. After reviewing the matter, the district court granted the Respondent's Motion to Dismiss the Application to Vacate Arbitration Award and granted Respondent's Motion to Confirm Arbitration Award. The Appellant timely sought review by this Court.

## II.

### STANDARD OF REVIEW

"Review by a District Court [of an arbitration award] is restricted to a determination of whether any grounds for relief stated in the Uniform Act exists." *Orr v. Orr,* 108 Idaho 874, 876, 702 P.2d 912, 914 (Ct. App.1985). The grounds under either the Federal or Idaho Uniform Arbitration Acts are substantially similar. To vacate an arbitration award according to the Federal Arbitration Act ("FAA"), one or more of the following grounds must be established:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or refusing to hear evidence, or any other misbehavior by which the rights of a party have been prejudiced.

(4) Where arbitrators exceed their powers, or imperfectly executed them.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

*See* 9 U.S.C. § 10(a)(1–5) (2003). Thus, judicial review of an arbitration award is extremely limited; even if a decision by an arbitration panel is erroneous, it will be binding unless one of the enumerated statutory grounds to vacate is present. *Chicoine v. Bignall,* 127 Idaho 225, 227, 899 P.2d 438, 440 (1995); *Bingham County Comm'n v. Interstate Elec.,* 105 Idaho 36, 41–42, 665 P.2d 1046, 1051–1052 (1983). However, if the district court makes additional findings of fact, the proper standard of review for the findings of fact is substantial and competent evidence.

## III.

## ANALYSIS

**A. The Federal Arbitration Act, Rather Than The Idaho Uniform Arbitration Act Governs Whether Sufficient Grounds Exist To Vacate The Arbitration Award.**

▮▮▮ The FAA applies to all arbitrations involving commerce. 9 U.S.C. § 2 (2003). "The effect of the [FAA] is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983). The Act represents a liberal federal policy favoring arbitration. *Id.* The Appellant's claim that the FAA does not create federal question jurisdiction is false. The FAA was "[e]nacted pursuant to the Commerce Clause, this body of substantive law is enforceable in both state and federal courts." *Perry v. Thomas,* 482 U.S. 483, 489, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426, 435 (1987); *see Southland Corp. v. Keating,* 465 U.S. 1, 12, 104 S.Ct. 852, 859, 79 L.Ed.2d 1, 13 (1984). Thus, the FAA applies as the substantive arbitration law used in state court when a case falls under the purview of the Act, even if no other form of federal jurisdiction exists.

▮▮▮ The authority of the FAA is invoked in this case because the transactions in question involved interstate commerce. The Appellant argues that all of the transactions occurred within Idaho. Despite the parties and activities residing primarily within the same state, securities transactions still involve interstate commerce. *See SEC v. Nat'l Sec., Inc.,* 393 U.S. 453, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969); *see also Wickard v. Filburn,* 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942). The FAA jurisdiction over commerce extends beyond physical interstate shipments of goods, to contracts relating to commerce. *Prima Paint Corp. v. Flood Conklin Mfg. Co.,* 388 U.S. 395, 401, 87 S.Ct. 1801, 1805, 18 L.Ed.2d 1270, 1275 (1967); *see Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). The securities transactions of this case relate to commerce because the actual buying and selling of the Dell securities by the Appellant through the Respondents as an intermediary or broker occurred at a national market outside of Idaho. Therefore, the FAA applies to this case, rather than the Idaho Uniform Arbitration Act (IUAA).

The Appellant relies on *Volt Info. Sci., Inc. v. Bd. of Tr.,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) in arguing that the FAA should not be applied as the substantive law of arbitration because the FAA does not preempt state law. Yet, *Volt* does not stand for this broad interpretation. Rather, the *Volt* Court held "application of the California statute is not preempted by the Federal Arbitration Act in a case where the parties have agreed that their arbitration agreement will be governed by the law of California." *Id.* at 470, 109 S.Ct. at 1251, 103 L.Ed.2d at 494. The narrow reach of *Volt* does not apply to

this case because there is no evidence that the Appellant and Respondents agreed to use Idaho law to govern their arbitration. Rather, the agreement entered into by the parties only required "[s]uch arbitration shall be in accordance with the rules then in effect, of the Arbitration Committee of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc." Therefore, the agreement does not stipulate that Idaho law, or any other law for that matter, controls over the arbitration process. As such, we hold that the FAA governs this dispute and provides the applicable substantive law because the underlying transaction involves interstate commerce.

### B. The Arbitration Award Should Not Be Vacated.

#### a. The Respondents alleged failure to produce all of the evidence ordered by the Arbitration Panel Chairman does not justify vacating the arbitration award.

█ In analyzing the issues presented by the Appellant it is imperative to focus on the grounds stipulated in the FAA for vacating an arbitration award. An arbitration award can be vacated "where the award was procured by corruption, fraud, or undue means;" other grounds provided in the FAA are inapplicable to this issue. 9 U.S.C. § 10(a)(1) (2003). The Appellant has not provided any evidence showing corruption, fraud, or undue means.

█ Appellant claims the Respondents were ordered to pay forum fees, expenses, and costs because they failed to "fully cooperate in the discovery or pre-hearing exchange of documents process." Furthermore, Appellant claims Respondents failed to produce relevant, probative, and non-cumulative document evidence prior to the arbitration hearing and failed to produce a statement made by Mr. Aznoe, which the Appellant felt he was entitled to receive. Yet, Appellant fails to bolster his allegations with any additional evidence other than the text of the arbitration award. Therefore, Appellant has not met his burden of showing grounds of corruption, fraud, or undue means exist to justify vacating the arbitra-

tion award based on 9 U.S.C. § 10(a)(1). Furthermore, "a showing of prejudice is a prerequisite to relief based on an arbitration panel's evidentiary rulings." *Employers Ins. Of Wausau v. Nat'l Union Fire Ins.*, 933 F.2d 1481, 1490 (9th Cir.1991). Appellant has not provided evidence to suggest his allegations would change the outcome of the case.

█ Further, the Appellant claims he did not receive a full and fair opportunity to discover and present evidence regarding his claims. Lack of a full and fair opportunity to discover and present evidence is not a valid ground on which to vacate an arbitration award according to 9 U.S.C. § 10(a)(1). Therefore, this contention does not justify vacating the arbitration award. We hold that the Appellant failed to meet the heavy burden of showing a ground enumerated in 9 U.S.C § 10(a)(1) exists to justify vacating the arbitration award.

#### b. The arbitration panel's refusal to postpone the arbitration hearing does not justify vacating the arbitration award.

█ To justify vacating the award, the Appellant must show "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown...." 9 U.S.C. § 10(a)(3). "[I]t is well settled that judicial review of an arbitration award is very narrowly limited." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir.1995); *see Scott v. Prudential Sec. Inc.*, 141 F.3d 1007, 1016 (11th Cir.1998). "An arbitrator enjoys wide latitude in conducting an arbitration hearing." *Scott v. Prudential Sec. Inc.*, 141 F.3d 1007, 1016 (11th Cir.1998) (citing *Robbins v. Day*, 954 F.2d 679, 685 (11th Cir.1992)). Nevertheless, "the arbitrary denial of a reasonable request for a postponement may serve as a ground for vacating the award." *Sheet Metal Workers Intern. Ass'n, Local No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1398 (9th Cir.1990).

The Appellant argues that the grounds for vacating an arbitration award enumerated in the IUAA apply. Those grounds require a showing of "sufficient cause" rather than

"misconduct" in a refusal to postpone by the arbitrators. I.C. § 7–912(a)(4). However, as discussed above, the FAA controls this dispute. The Appellant does not argue in the alternative with the proper standard and presents no evidence or basis of misconduct to justify vacating the award. However, the Appellant argues that he was prejudiced because there was not enough time allotted to ensure the Respondents produced all relevant documents. Yet, the Appellant fails to produce evidence to support misconduct.

 The Appellant has the burden to overcome a presumption that the arbitration award is valid. *Mutual Fire, Marine & Ins. Co. v. Norad Reinsurance Co. Ltd.,* 868 F.2d 52, 57 (3rd Cir.1989). Providing no evidence of misconduct does not satisfy this burden. Therefore, we hold that the Appellant has not shown the requisite "misconduct" by the arbitrators in refusing to postpone the hearing to justify vacating the arbitration award.

## IV.

## CONCLUSION

The Federal Arbitration Act provides the substantive grounds for determining whether the arbitrators' award should be vacated because the transactions in question concern interstate commerce. The district court is affirmed because the record contains no evidence of fraud, corruption, or undue means committed by the arbitrators and no evidence of misconduct by the arbitrators in deciding not to postpone the arbitration hearing. No attorney fees are awarded; costs are awarded to Respondent.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.