146 P.3d 657

James K. BARBEE, as assignee of Patricia and John Bentley, Plaintiff–Appellant,

and

John & Patricia Bentley, husband and wife, Diane Golbeck, Mark Roth, Arian Colachis and the law firm of Golbeck, Roth & Colachis, PLLC, Assignees, Plaintiffs,

v.

WMA SECURITIES, INC. and John Allen Kenas, Defendants–Respondents. James K. Barbee, as assignee of Patricia and John Bentley, Plaintiff–Appellant–Cross Respondent,

and

John & Patricia Bentley, husband and wife, Diane Golbeck, Mark Roth, Arian Colachis and the law firm of Golbeck, Roth & Colachis, PLLC, Assignees, Plaintiffs,

v.

WMA SECURITIES, INC. and John Allen Kenas, Defendants–Respondents– Cross Appellants.

No. 30131/31298.

Supreme Court of Idaho, Lewiston, April 2006 Term.

Sept. 29, 2006.

James K. Barbee, Seattle, for appellant.

Evans, Craven & Lackie, P.S., Spokane, for respondents. Amy C. Clemmons argued.

TROUT, Justice.

This is a dispute about a claim for attorney fees incurred in arbitration. It is a consolidated action involving (1) an award confirmation proceeding, which included a request for attorney fees; and (2) a subsequent court action filed solely to obtain attorney fees under the Idaho Securities Act (ISA). The main issue is whether a pre-arbitration lawsuit must be filed to obtain attorney fees under I.C. § 30–1446.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This dispute arose after two Idaho residents, John and Patricia Bentley (the Bentleys), were convinced by WMA Securities, Inc., a securities broker-dealer, and James Kenas, one of its brokers (collectively, WMA), to mortgage their home to purchase what were later alleged to be unsuitable investments. The arbitration provision in the contract between the Bentleys and WMA directs as follows:

> [T]hat unless unenforceable due to federal or state law, any controversy arising out of or related to ... the transactions with WMA ... shall be settled by arbitration in accordance with [NASD rules]. Such arbi-

---

1. Idaho Code section 30–1446 was repealed effective September 1, 2004, by the Uniform Securities Act of 2004, 2004 Idaho Sess. Laws ch. 45. The current Uniform Securities Act is codified at I.C. §§ 30–14–101 through 703.

tration shall follow the procedures as set forth by a national arbitration committee of the NASD.

The arbitration provision makes no mention of attorney fees or Idaho law.

Pursuant to the contract, the Bentleys filed a statement of claim with the National Association of Securities Dealers, Inc. (NASD) against WMA, seeking approximately $2 million in damages for violations of federal and Idaho securities laws, emotional distress, breach of promise, breach of fiduciary duty, and a violation of the Idaho Racketeering Act. The Bentleys did not initiate any litigation prior to their commencement of arbitration.

The Bentleys sought attorney fees in their claim statement. In the proceedings before the NASD, however, the Bentleys apparently withdrew their attorney fees request. Likewise, WMA asserted the panel was not authorized to award attorney fees absent an express provision in the arbitration agreement to the contrary. WMA therefore withdrew its claim for attorney fees because it believed such a claim was precluded under Idaho law and neither the NASD submission agreements nor the applicable NASD code provisions specifically provided for the recovery of attorney fees.

The NASD proceedings took place in Oregon. The arbitrators awarded $42,000 in damages to the Bentleys, summarizing the Bentleys' claims as "all in violation of the Idaho Securities Law and analogous federal provisions." Damages were awarded against WMA "on [the Bentleys'] unsuitability claims." Addressing the attorney fee issue, the arbitration panel noted neither party was seeking an award of attorney fees. Under the heading "Award" in the arbitration award, the panel directed, "Each party shall bear its own litigation costs, including attorneys' fees." WMA timely paid the amount of the award.

*The first appeal: The award confirmation proceedings*

The Bentleys sought fees and costs in the district court through a motion for confirma-

tion of the arbitration award. They asked the district court to modify the award with respect to attorney fees, claiming that because the issue had not been presented to the panel, it was improper for them to direct each party to bear their own attorney fees. The Bentleys argued that though the NASD panel did not have the power to award attorney fees, I.C. § 30–1446 authorized the recovery of fees and costs through an award confirmation proceeding.

In its order, the district court concluded the arbitrators did not have the authority to award or deny attorney fees due to I.C. § 7–910.[2] Consequently, the court deleted the words "including attorney's fees" from the award pursuant to I.C. § 7–913(2). The district court determined the panel did have the authority to award or deny costs, however, and there were not sufficient grounds to change that portion of the arbitrators' decision. Citing *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 913 P.2d 1168 (1996), the district court concluded attorney fees could not be awarded through a motion to confirm an arbitration award. The Bentleys timely appealed.

*The second appeal: The separate court action*

The Bentleys proceeded to file a separate court action solely to obtain attorney fees under I.C. § 30–1446. WMA argued Idaho case law prohibits an action for attorney fees after arbitration is concluded. Both parties filed summary judgment motions.

In ruling on those motions, the district court noted the issue of attorney fees was not barred by res judicata because that issue was not, and could not have been, litigated by the panel. The district court ruled, however, that the gravamen of the Bentleys' claims for violations of the ISA were resolved in arbitration such that the commencement of an action for attorney fees after the arbitration was no longer supported by the ISA. As a

---

2. Idaho Code section 7–910 provides, "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."

result, the district court granted WMA's motion for summary judgment.

The Bentleys then assigned their rights in connection with their claims against WMA to their attorneys.[3] The Bentleys appealed, arguing they were entitled to bring a separate action for attorney fees under I.C. § 30–1446. The two appeals have been consolidated.

## II. STANDARD OF REVIEW

The standard of review of the district court's ruling on summary judgment motions is the same as that of the district court when ruling on the motions. *American Foreign Insurance Co. v. Reichert,* 140 Idaho 394, 398, 94 P.3d 699, 703 (2004). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

 When reviewing the district court's decision to vacate or modify an award, this Court is limited to determining whether any grounds for relief stated in the Idaho Uniform Arbitration Act exist. *Moore v. Omnicare, Inc.,* 141 Idaho 809, 813, 118 P.3d 141, 146 (2005); I.C. § 7–912 (vacating an award); I.C. § 7–913 (modifying an award). "An arbitrator's rulings on questions of law and fact are binding, even where erroneous, unless one of the enumerated statutory grounds is present." *Moore,* 141 Idaho at 815, 118 P.3d at 147.

 The issue of whether I.C. § 30–1446 allows for an award of attorney fees in an award confirmation proceeding or a separate court action where no pre-arbitration suit was filed involves a question of statutory interpretation. "An interpretation of a statute is a question of law over which the Court exercises free review." *State v. Quick Transport, Inc.,* 134 Idaho 240, 244, 999 P.2d 895, 899 (2000). "If the statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction." *Id.* If, however,

it is necessary for the Court to interpret a statute, then it will attempt to ascertain legislative intent. *Id.* In construing a statute, this Court may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Id.*

## III. DISCUSSION

The principal issues on appeal include (1) whether attorney fees may be awarded in an award confirmation proceeding; and (2) whether an action may be filed without any claim for damages, simply to assert a request for attorney fees. We will also consider whether the district court properly refused to modify the award with respect to costs. Lastly, we will address attorney fees incurred in the district court proceedings and on appeal.

### A. Attorney fees incurred in arbitration

At the outset, we note that both parties address the issue of whether the arbitrators found the Bentleys prevailed on their ISA claims as opposed to their common law claims. The ISA provides a basis for the award of attorney fees in certain circumstances, while there may be no basis for such an award for the common law claims. While the district court determined the Bentleys prevailed on their ISA claims before the arbitrators, given our interpretation of the ISA, we need not resolve the issue. As will be discussed below, even if the Bentleys prevailed on their ISA claims, the district court correctly ruled the Bentleys were not entitled to pursue fees in either the award confirmation proceedings or the subsequent court action.

### 1. Award confirmation proceedings

 The district court determined attorney fees for ISA violations could not be awarded in confirmation proceedings absent an underlying action before the court. Idaho Code section 30–1446 addresses the civil liability of an ISA violator as follows:

---

**3.** The firm of attorneys then assigned their claim to James K. Barbee, a member of the firm. For

ease of reference, the Bentleys and Barbee will be referred to collectively as the Bentleys.

Any person who [violates certain ISA provisions] is liable to the person buying the security from him, who shall be entitled to *sue* either at law or in equity to recover the consideration paid for the security, together with interest at six percent (6%) per annum from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security....

I.C. § 30–1446(1)(emphasis added). The distinction between law and equity was abolished in Article V, section 1 of the Idaho Constitution. Likewise, the Idaho Rules of Civil Procedure declare that "[t]here shall be one form of action to be known as 'civil action.'" I.R.C.P. 2. Clearly, the term "sue," like the term "action," requires the "filing of a complaint with the court, which may be denominated as a complaint, petition or application." I.R.C.P. 3. Granted, an award confirmation occurs "upon application of a party." I.C. § 7–911. Nevertheless, not all applications before a court qualify as an "action" entitling the claimant to pursue an attorney fee award. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 405, 913 P.2d 1168, 1175 (1996) ("An application seeking the confirmation of an arbitration award is not an action in court to recover attorney fees pursuant to I.C. § 41–1839."). The plain and obvious meaning of the term "sue" contemplates some type of adversarial proceeding beyond a mere motion to confirm an arbitration award. We agree with the district court that an award confirmation proceeding is not the appropriate vehicle for awarding attorney fees under the ISA.

*2. Subsequent suit*

■ As indicated above, I.C. § 30–1446(1) provides for a suit to recover consideration paid, "together with interest ..., costs, and reasonable attorneys' fees...." The issue of whether this statute supports a suit solely for attorney fees filed after an arbitration award assigning damages has been fully paid is a matter of first impression for Idaho courts. For guidance, the parties refer this Court to many cases involving I.C. § 41–1839, a somewhat analogous statute that allows a claimant

to recover attorney fees under certain circumstances in suits against insurers. *See Emery v. United Pac. Ins. Co.*, 120 Idaho 244, 815 P.2d 442 (1991); *Wolfe*, 128 Idaho 398, 913 P.2d 1168; *Martin v. State Farm Mutual Automobile Ins. Co.*, 138 Idaho 244, 61 P.3d 601 (2002); *American Foreign Ins. Co. v. Reichert*, 140 Idaho 394, 94 P.3d 699 (2004). While the Bentleys argue these cases indicate a party may bring a separate lawsuit after arbitration simply to recover attorney fees, we are not persuaded. The common thread flowing through these cases is that attorney fees were awarded where the insured was involved in a lawsuit before he or she received the amount justly due—their damages—from the insurance company. Here, WMA timely paid the arbitration award. The Bentleys were not involved in a lawsuit before they received their damages from WMA. Consequently, to the extent cases interpreting I.C. § 41–1839 apply by analogy, the Bentleys are not entitled to file a separate lawsuit solely for attorney fees.

Furthermore, a fair reading of I.C. § 30–1446 indicates there is no independent cause of action for attorney fees. Under the statute, a claimant is entitled to sue for consideration paid, *together with* interest, costs and fees. There is no basis for simply filing a lawsuit to collect attorney fees when the principal amount claimed has been fully paid and resolved in another proceeding. The statute only addresses an award of fees in a suit filed with the court for an ISA violation.

Also, we are not persuaded by the Bentley's equitable arguments they were precluded from filing a pre-arbitration suit by their contract with WMA. The arbitration agreement states the parties "are waiving rights to seek remedies in court." But this waiver is void because I.C. § 30–1446(4) provides, "Any condition, stipulation or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void as against public policy and in the public interest." Because of this provision, WMA would likely be powerless to prevent the Bentleys from filing a pre-arbitration lawsuit if that were necessary in order for Bentleys

to obtain relief against WMA for their consideration paid.

Moreover, even if Bentley's had filed suit prior to the arbitration, their request for attorney fees would have been unavailing once the case was submitted to arbitration. I.C. § 7–910 provides that attorney fees can be awarded in an arbitration proceeding only if provided for in the parties' agreement to arbitrate. *See Moore v. Omnicare, Inc.* 141 Idaho 809, 817, 118 P.3d 141, 149 (2005). Thus, there would be no basis for fees related to the arbitration absent such an agreement.

### B. Costs

■ In denying the Bentleys' request for costs, the district court stated the matter of costs was properly before the arbitrators, who had the discretion to award or deny costs, and the court could find no basis to modify that portion of the award. The Bentleys assert the panel disregarded the mandatory award of costs under the ISA, so the award should be vacated as a manifest disregard of the law.

Under Idaho law, a court may modify an award where (1) there was an evident miscalculation of figures or an evident mistake in the description of any item referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy. I.C. § 7–913. An award may be vacated for various reasons, including where the arbitrators exceeded their powers. I.C. § 7–912.[4] Judicial review of arbitrators' decisions is "limited to an examination of the award to discern if any of the grounds for relief stated in the Uniform Arbitration Act exist." *Bingham County Com'n v. Interstate Elec. Co.,* 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983).

Again, even assuming the Bentleys prevailed on their ISA claims before the arbitrators, the Bentleys' argument the award should be modified to include their costs does not fit into any of the enumerated grounds for relief. Also, the panel's directive that each party must bear its own litigation costs should not be overturned because the ISA grants a claimant the right to sue to recover costs, but does not state an award of costs is mandatory. On these facts, the arbitrators may very well have concluded that the Bentleys were not entitled to recover costs because they won such a small portion of their claims against WMA. We conclude the district court properly refused to modify the portion of the award addressing costs.

### C. Attorney fees in the district court

■ The Bentleys seek fees and costs incurred in the award confirmation proceedings and in the subsequent court action in the district court pursuant to I.C. § 7–914.[5]

---

4. The scope of review for awards made pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., parallels the review of arbitrations governed by Idaho's Uniform Arbitration Act, I.C. § 7–901 et seq. The FAA would likely apply to this arbitration—had the issue been properly raised by the parties—because it involves interstate commerce and because the parties agreed to be bound by NASD rules. *See Reece v. U.S. Bancorp Piper Jaffray, Inc.,* 139 Idaho 487, 490, 80 P.3d 1088, 1091 (2003) (noting for the purposes of the FAA, securities transactions involve interstate commerce). Under the FAA, an award may be vacated if it reflects the arbitrator's "manifest disregard of the law," which requires "(1) the arbitrators knew of the governing legal principle and refused to apply it or ignored it altogether, and (2) the governing law was well defined, explicit, and clearly applicable." *Moore v. Omnicare, Inc.,* 141 Idaho 809, 819, 118 P.3d 141, 151 (2005); 9 U.S.C. § 10. Like the Court in *Hecla Min. Co. v. Bunker Hill Co.,* 101 Idaho 557, 561 n. 3, 617 P.2d 861, 865 n. 3 (1980), we note the scope of review under the two acts is so similar as to constitute a distinction without a difference. Because the parties did not raise the issue of the applicability of the FAA to the district court, our opinion focuses on Idaho law. *See Row v. State,* 135 Idaho 573, 580, 21 P.3d 895, 902 (2001) (stating appellate court will not consider issues raised for the first time on appeal).

5. Idaho Code section 7–914 provides as follows:

Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.

The term "disbursements" includes attorney fees. *Driver v. SI Corp.,* 139 Idaho 423, 429–30, 80 P.3d 1024, 1030–31 (2003).

The Bentleys concede they made no request for attorney fees in the award confirmation proceedings. They claim they "referenced" I.C. § 7–914 in the subsequent court action, but do not cite to the record to support this claim. It does not appear the Bentleys sought attorney fees under the ISA in either of the proceedings before the district court. Generally, "review on appeal is limited to those issues raised before the lower tribunal and ... an appellate court will not decide issues presented for the first time on appeal." *Balser v. Kootenai County Bd. of Com'rs*, 110 Idaho 37, 40, 714 P.2d 6, 9 (1986). Because the Bentleys failed to properly raise to the district court the issue of attorney fees incurred at the district court level, we conclude the Bentleys should not receive fees and costs related to those proceedings.

### D. Attorney fees on appeal

 The Bentleys seek attorney fees and costs on appeal under the ISA and pursuant to I.C. § 7–914. The Bentleys are not entitled to fees on appeal because they are not the prevailing party. Furthermore, because the Bentleys assigned their rights to attorney Barbee long before the notice of appeal was filed, an award of fees is not in accord with a previous ruling from this Court that an attorney acting as a pro se litigant may not recover attorney fees. *See Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999). For these reasons, Bentleys' request for fees on appeal is denied.

### IV. CONCLUSION

The district court's decision denying the Bentleys' request for fees in the award confirmation proceeding is affirmed because that proceeding does not qualify as a suit contemplated by the ISA. We likewise affirm the district court's conclusion the Bentleys may not seek an attorney fee award under the ISA in a post-arbitration suit solely for fees. Also, we agree with the district court there is no basis for modifying the award with respect to costs under the court's limited scope

of review of arbitration awards. We award costs on appeal to WMA.

Chief Justice SCHROEDER, Justice EISMANN and Justice BURDICK concur.

Justice JONES, specially concurring.

I concur in the Court's opinion, except for the second ground stated in Section III.D for denying attorney fees on appeal. The Court correctly denied attorney fees on appeal to the Bentleys on the ground that they are not the prevailing party. The opinion should have left it at that. The additional ground for denying attorney fees—that an attorney acting as a pro se litigant may not recovery attorney fees—is unnecessary to determination of the issue. I disagree with the second ground.

The opinion cites *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 973 P.2d 142 (1999), wherein the Court did not analyze the question but merely cited to a Court of Appeals decision, *Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 774 P.2d 909 (Ct.App. 1989). The *Swanson & Setzke* decision, holding that the rule preventing awards of attorney fees to pro se litigants included attorneys litigating pro se, was not based upon statutory construction but upon public policy considerations. The Court of Appeals determined that it would be unfair to allow a lawyer pro se litigant to recover fees where non-lawyer pro se litigants could not. The public policy considerations do not take into account that non-lawyer pro se litigants do not have a license to practice law and are not engaged in the business of making a living through the practice of law. The Court of Appeals indicated that lawyer pro se litigants do not make disbursements for time they devote to their own litigation. However, this ignores the fact that "a lawyer's time and advice is his stock in trade," as so aptly put by that great lawyer, Abraham Lincoln. When a lawyer devotes time to a legal action of his own, either to collect an account, to defend a legal action, or otherwise, the attorney may not make a disbursement of funds, but the attorney does make a disbursement of merchandise that could have been sold elsewhere, i.e. his time. If the attorney prevails, there is no language in any of the statutory

fee provisions that precludes an award of fees to the attorney. The Court of Appeals in *Swanson & Setzke* went even so far as to state that it would make no difference if the entity seeking fees was a professional service corporation, as opposed to the individual lawyer in the corporation, thereby permitting a de facto piercing of the professional corporation veil in order to apply its public policy. That holding is bad public policy and should not be perpetuated by this Court.