183 P.3d 758

**Charles Oliver LOSSER, Plaintiff–Respondent,**

v.

**Shauna Rae BRADSTREET, Defendant–Appellant.**

No. 33932.

Supreme Court of Idaho, Boise, January 2008 Term.

March 28, 2008.

Rehearing Denied May 12, 2008.

Uranga & Uranga, Boise, for appellant. Louis Uranga argued.

Gale L. Merrick, Boise, for respondent.

HORTON, Justice.

This appeal arises from an independent action for recovery of attorney fees incurred in earlier litigation. Shauna Bradstreet appeals from the district court's decision, on intermediate appeal, reversing the magistrate's judgment dismissing Charles Losser's lawsuit and awarding Bradstreet her attorney fees and costs. This Court is asked to decide whether Losser is permitted to bring an independent action to recover attorney fees and costs incurred in earlier probate proceedings. We reverse the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Losser and Bradstreet are siblings and the sole heirs of their mother's estate. Upon their mother's death, Bradstreet submitted a holographic will for informal probate. Bradstreet was appointed personal representative of the estate. Losser objected, alleging the will was forged.[1] Three days before a scheduled trial on the matter, Bradstreet withdrew the holographic will from probate and submitted a formally executed will that predated the holographic will. Losser and Bradstreet stipulated that the formally executed will could be admitted to probate and a disinterested third person would serve as the personal representative of the estate.

Losser incurred attorney fees and costs in connection with the disputed holographic will. He elected not to pursue recovery of those fees and costs in the probate proceeding; rather, Losser filed a complaint in district court seeking to recover the costs and attorney fees he incurred contesting the validity of the holographic will. Losser's complaint reflected his intention to seek an award of punitive damages. Losser's decision to forego attempts to recover fees and costs in the probate proceeding and to pursue the independent action was based upon his belief that he is entitled to an award of punitive damages.

Bradstreet moved to dismiss Losser's complaint or, in the alternative, transfer the matter to the probate court of the magistrate division. The district court granted the alternative relief, transferring the matter to the magistrate division of the district court. The magistrate assigned to probate proceedings in Ada County granted Bradstreet's motion to dismiss, pursuant to I.R.C.P. 12(b)(6). Accordingly, on May 30, 2006, the magistrate entered an order dismissing the action with prejudice. Thereafter, by way of judgment entered on August 18, 2006, the magistrate awarded Bradstreet attorney fees and costs incurred in the defense of the independent action. The award of attorney fees was based on I.C. § 12–120(1) and I.C. § 12–121.

---

1. The holographic will, which was both handwritten and typed, bequeathed a house and its contents to Bradstreet. The will directed Bradstreet to distribute her mother's "personal belongings to the appropriate people," stating that Bradstreet was aware of her wishes.

Losser appealed from the order of dismissal and the subsequent judgment. The appeal was assigned to a different district judge. The district court, acting in its appellate capacity, reversed the magistrate's order of dismissal and award of attorney fees and costs. The district judge assigned to the appeal "remanded" the case to the district judge who was originally assigned to Losser's independent action. Bradstreet appeals from this decision.

## II. STANDARD OF REVIEW

We have repeatedly stated that when reviewing a decision of the district court acting in its appellate capacity, this Court will review the record and the magistrate court's decision independently of, but with due regard for, the district court's decision. E.g. *Carter v. Carter*, 143 Idaho 373, 378, 146 P.3d 639, 644 (2006). However, we take this opportunity to clarify a procedural issue that we have created in cases involving appeals from the district court in which the district court has served as an intermediate appellate court.[2] The structure of the Idaho Appellate Rules (I.A.R.) clearly reflects that our role is to review the decisions of the district court. I.A.R. 4 provides that "[a]ny party aggrieved by an appealable judgment, order or decree, as defined in these rules, of a district court . . . may appeal such decision to the Supreme Court. . . . . ." I.A.R. 2(b)(1) defines "district court" and provides that " '[d]istrict court' shall include the district courts of all judicial districts but shall not include the magistrates divisions thereof." I.A.R. 11(a)(2) provides that a party may appeal, as a matter of right to this Court "[d]ecisions by the district court dismissing, affirming, reversing or remanding an appeal." After this Court has rendered a final decision in such an appeal, a remittitur is issued and filed with the district court. I.A.R. 38(c). This remittitur "shall advise the district court . . . that the opinion has become final and that the district court . . . shall forthwith comply with the directive of the opinion."

In *Nicholls v. Blaser*, 102 Idaho 559, 633 P.2d 1137 (1981), we discussed the interplay between the standard of review and the procedure governing appeals:

Our previous decisions involving appeals from district courts which have acted as courts of appeal from decisions of magistrate courts do not set forth a clear standard of review to be utilized by the Supreme Court. We deem the appropriate standard of review at the Supreme Court level to be: The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

102 Idaho at 561, 633 P.2d at 1139 (citation omitted).

By 1991, this Court's opinions began to directly address the decisions of the magistrates, without reference to the "matter of procedure" addressed in *Nicholls. See Walborn v. Walborn*, 120 Idaho 494, 817 P.2d 160 (1991) (affirming magistrate's decision in part, vacating in part and remanding to magistrate for reconsideration). Thus, for nearly two decades, we have effectively ignored the structure of our appellate rules and issued opinions in which we have directly addressed the decision of the magistrate. Indeed, we have done so recently. *See Barmore v. Perrone*, 145 Idaho 340, 179 P.3d 303 (2008) (vacating the magistrate court's grant of partial summary judgment). We have determined that this practice represents an erroneous conflation of our standard of appellate review with the structure of our appellate rules. In this decision, and henceforth, our decisions will reflect our application of the Idaho Appellate Rules.

■■■ When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of re-

---

2. There are instances in which this Court directly reviews the decisions of the magistrate division of the district courts. I.A.R. 12.1(a) permits this Court to entertain a direct permissive appeal "whenever the best interest of a child would be served by an immediate appeal."

view we apply to a motion for summary judgment. *Gallagher v. State*, 141 Idaho 665, 667, 115 P.3d 756, 758 (2005). "After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated." *Id.* (citing *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999)). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.' " *Sumpter v. Holland Realty, Inc.*, 140 Idaho 349, 351, 93 P.3d 680, 682 (2004) (quoting *BHA Inv., Inc. v. State*, 138 Idaho 348, 350, 63 P.3d 474, 476 (2003)).

## III. ANALYSIS

Losser's complaint asserts his right to recover attorney fees and costs incurred in connection with the contested holographic will. Bradstreet argues: (1) Losser does not state a claim upon which relief can be granted; (2) assuming arguendo Losser states a valid claim, the claim is barred by the doctrine of res judicata; and (3) the magistrate court correctly awarded Bradstreet attorney fees below. Both parties seek attorney fees on appeal.

### A. Losser's complaint was properly dismissed because it failed to state a claim upon which relief can be granted.

Our resolution of the question whether Losser's complaint was properly dismissed requires us to consider two distinct issues: (1) whether a party may maintain an independent action solely to recover attorney fees and costs incurred in earlier litigation involving the same parties; and (2) whether we recognize the tort of attempted interference with expectancy of inheritance as a ground for recovery of attorney fees and costs. We conclude that the district court erred when it determined that Losser's complaint stated a claim upon which relief could be granted.

### 1. A party may not pursue an independent action to recover attorney fees and costs incurred in an earlier lawsuit involving the same parties.

█ For purposes of this appeal, we accept the truth of Losser's claim that Brad-street forged the holographic will and submitted it in the probate proceeding for the purposes of fraudulently depriving Losser of his share their mother's estate. It is undisputed that Losser may have sought relief in the probate proceedings to recover the attorney fees and costs he incurred in connection with the dispute over the holographic will under the statutes and court rules governing frivolous conduct in civil litigation.

Idaho Code § 12–123 provides, in pertinent part, as follows:

(1) As used in this section:

(a) "Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

(b) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action;

(ii) It is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(2) (a) In accordance with the provisions of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one (21) days after the entry of judgment in a civil action, *the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct.*

(emphasis added).

It is evident that creation and presentation of a forged will for probate is conduct "not supported in fact" and thus, is frivolous conduct. Losser was clearly adversely affected by this conduct inasmuch as he incurred attorney fees and costs in the dispute as to the validity of the will.

I.R.C.P. 11(a)(1) would have provided a similar ground for relief, as Bradstreet verified the application for informal probate of the holographic will. The rule provides in pertinent part:

The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. . . .

I.R.C.P. 11(a)(1).

If a pleading is signed in violation of Rule 11, then the court upon motion or upon its own initiative, shall impose "upon the person who signed it,[3] a represented party, or both, an appropriate sanction, which may include . . . a reasonable attorney's fee." *Id.* Bradstreet's verification of the application for informal probate of a will that she forged clearly is not conduct "well grounded" in fact nor is it "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law."

■ At oral argument before this Court, Losser indicated he elected not to pursue recovery of his attorney fees and costs in the probate action in order to seek a larger recovery in a separate action against Bradstreet for attorney fees, costs, and punitive damages. Generally, however, a litigant must pursue attorney fees and costs in the same proceeding as the underlying litigation. "Where an action based on the same wrongful act has been prosecuted by plaintiff against defendant to a successful issue, he or she cannot in a subsequent action recover his or her costs and expenses in the former action as damages." 25 C.J.S. *Damages* § 79 (2007). "As a general rule, litigation costs and attorney's fees incurred in prior litigation against the same defendant are not recoverable in a subsequent action." 22 Am. Jur.2d *Damages* § 435 (2007).

There are two important policies underlying this general rule: judicial economy and the financial impact of repetitive litigation on the parties. The Supreme Court of Missouri, in *Leslie v. Carter,* 268 Mo. 420, 187 S.W. 1196 (1916), considered an action to recover the expenses of litigation, including attorney fees, incurred by the plaintiff in a former proceeding against the defendant to set aside a deed for fraud. The court rejected the effort, stating: "Moreover, if the damages here sued for were recoverable, a claim therefor should have been included in the principal suit. The splitting up of causes of actions tends to unnecessarily burden the court and increases the cost of litigation." *Id.* at 1197.

This Court has emphasized the desirability of avoiding piecemeal litigation. *See Mortimer v. Riviera Apartments,* 122 Idaho 839, 842, 840 P.2d 383, 386 (1992) (holding order denying motion to reconsider not to be a final decision or order for purposes of I.A.R. 11(d) and stating that a contrary holding "would contravene our policy of avoiding piecemeal litigation"); *Long v. Goodyear Tire Rubber Co.,* 100 Idaho 183, 184, 595 P.2d 717, 718 (1979) (stating purpose of I.R.C.P. 54(b) certification requirement "is to avoid piecemeal litigation and appeals").

We do not accept Losser's assertion that an action to recover attorney fees and costs incurred in earlier litigation in which the defendant was also a party states a claim upon which relief may be granted. In reaching this conclusion, we note that Losser does not direct this Court to a statute or a decision from any court in support of his claim. We believe that recognition of this cause of action would be a disservice to the litigants and the trial courts of this state. Every party to litigation would face the potential stress and expense of a new lawsuit to resolve an issue that should have been resolved in the first lawsuit. The trial courts of this state would bear the burden of an increase in lawsuits. Accordingly, we conclude that a lawsuit seeking to recover attorney fees and costs incurred in earlier litigation from a

---

**3.** Losser neither suggests nor alleges that Bradstreet's attorney was aware of the purported forgery.

party to that earlier litigation fails to state a claim upon which relief may be granted.

Our holding today is consistent with our holding in *Barbee v. WMA Sec., Inc.*, 143 Idaho 391, 146 P.3d 657 (2006). In *Barbee*, the plaintiffs filed an action solely to obtain an award of attorney fees incurred in arbitration. *Id.* at 393, 146 P.3d at 659. We interpreted I.C. § 30–1446(1) to determine whether that statute authorized an independent cause of action for attorney fees incurred in earlier proceedings under the Idaho Securities Act. We concluded that it did not. *Id.* at 395, 146 P.3d at 661.

■ We do not suggest that a party may never bring an action to recover an award of attorney fees and costs incurred in earlier litigation. Indeed, we have recognized that, in certain circumstances, attorney fees may properly be awarded as an element of damages. *See e.g., Abbie Uriguen Oldsmobile Buick, Inc. v. U.S. Fire Ins. Co.*, 95 Idaho 501, 509, 511 P.2d 783, 791 (1973) (attorney fees incurred in defense of third party's claim after insurance company breached contractual obligation to defend held to be proper element of damage arising out of breach). Rather, our holding is simply that a party may not bring a second lawsuit to recover attorney fees and costs incurred in an earlier lawsuit from a party to that earlier lawsuit.

■ Losser argues that he can maintain an independent action for damages because he intends to seek an award of punitive damages. We disagree. Before a plaintiff can recover punitive damages, he or she must be entitled to legal or equitable relief. *Boll v. State Farm Mut. Auto. Ins. Co.*, 140 Idaho 334, 341, 92 P.3d 1081, 1088 (2004) (citing *Payne v. Wallace*, 136 Idaho 303, 308, 32 P.3d 695, 700 (2001)). Consequently, unless Losser demonstrates the existence of a right to recover under a legal or equitable theory, he is unable to assert a claim for punitive damages.

**2. We do not recognize the tort of attempted interference with expectancy of inheritance as providing a ground for recovery of attorney fees and costs incurred in an earlier lawsuit.**

■ At oral argument, Losser was unable to direct this Court to any reported decision that has recognized the tort of attempted interference with expectancy of inheritance, much less recognized an award of attorney fees and costs as an element of damages. His briefing on this issue was succinct:

> This action is a separate "Tort" (civil wrong) by Appellant Bradstreet against the Respondent Losser. It has been characterized as Interference with Right to Share Decedent's Estates, 39 Am Jur Proof of Facts beginning at page 177.

> "This fact question may arise in a Will Contest, when or after the Will is offered for probate or in an independent tort action for damage."

See also 22 ALR 4th at 1230 et seq.[4]

Although Losser has not favored us with any discussion of either of the two treatises to which he cites, we note the following statement in the first treatise to which he cites:

> In accordance with the modern judicial trend, the Restatement (Second) of Torts § 774B (1979) includes the intentional interference with an inheritance or gift as a valid cause of action:

> One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift. Comment b to § 774B defines "inheritance" to include "any devise or bequest that would otherwise have been made under a testamentary instrument or any property that would have passed to the plaintiff by intestate succession."

---

4. This is apparently a citation to Sonja A. Soehnel, Annotation, *Liability in Damages for Interference with Expected Inheritance or Gift*, 22 A.L.R.4th 1229 (1983 & Supp.2007). This annotation does not provide support for the proposition that a plaintiff may maintain an independent action for an award of attorney fees incurred in circumstances similar to the present case. Rather, this annotation simply discussed the status of the law relating to claims for actual interference with an expected inheritance or inter vivos gift.

In order to establish a prima facie case for recovery in litigation based on tortious interference with the right of another to share in a decedent's estate, the would-be legatee or heir must present credible evidence to prove: (1) the existence of the expectancy; (2) that the defendant intentionally interfered with the expectancy; (3) that the interference consisted of conduct tortious in itself, such as fraud, duress, or undue influence; (4) that, with reasonable certainty, the plaintiff would have received the inheritance but for the defendant's interference; and (5) damages.

Jonathan M. Purver, *Interference With Right to Share of Decedent's Estate*, 39 Am.Jur. Proof of Facts 2d 177, 184–85 (1983 Supp. 2007) (footnotes omitted).

Assuming, without deciding, that this Court would recognize the tort of interference with inheritance, Losser would be required to prove that he was deprived of an inheritance. That did not occur in the instant case. We have been unable to locate any decision of any court, reported or unpublished, which recognizes a cause of action for attempted interference with an inheritance.

Losser also argues he can maintain an independent action for attorney fees and costs and cites to *Koelker v. Turnbull*, 127 Idaho 262, 266, 899 P.2d 972, 976 (1995). However, in *Koelker*, this Court considered the measure of damages for breach of a covenant in a warranty deed. *Id.* We are unwilling to construe the holding in *Koelker* in such a fashion as to eviscerate our longstanding rule that attorney fees for tortious conduct are not recoverable in the absence of a statute conferring such a right.

As we conclude that the district court erred when it determined that Losser's complaint stated a claim upon which relief may be granted, we do not reach Bradstreet's claim that this action is barred by res judicata.

**B.  Bradstreet is entitled to an award of attorney fees before the magistrate.**

█ As the prevailing party before the magistrate court, Bradstreet was awarded attorney fees and costs against Losser pursuant to I.C. §§ 12–120(1) and 12–121. Losser has presented no meaningful argument as to the propriety of the award of attorney fees under either statute. We have long held that when "a party fails to present authority or argument for an issue raised on appeal, the issue is waived." *Painter v. Potlatch Corp.*, 138 Idaho 309, 314, 63 P.3d 435, 440 (2003) (citing *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996)). Accordingly, the district court's order vacating the magistrate's award of attorney fees and costs is reversed.

**C.  Bradstreet is entitled to an award of attorney fees on appeal.**

█ Bradstreet asks for attorney fees on appeal under I.A.R. 41(a) and I.C. §§ 12–120(1), 12–121, and 12–123(a). "An award of attorney fees under Idaho Code § 12–121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003). This is such a case. Losser did not identify a statute or case law supporting his claim that he was entitled to pursue an independent cause of action solely for attorney fees. The two treatises that he cited did not support his claim. We conclude this case was brought and pursued frivolously, unreasonably, and without foundation and award Bradstreet attorney fees on appeal.

## IV.  CONCLUSION

We reverse the decisions of the district court reversing the magistrate's dismissal of Losser's complaint and vacating the magistrate's award of attorney fees and costs. We award Bradstreet attorney fees and costs on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES concur.