# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37770

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JANE DOE. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) | 2010 Unpublished Opinion No. 655 |
| | ) | Filed: October 5, 2010 |
| Plaintiff-Respondent, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| JANE DOE, | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge; Hon. Barry E. Watson, Magistrate.

Order of the district court affirming magistrate's order terminating parental rights, affirmed.

John M. Adams, Kootenai County Public Defender; Sarah L. Sears, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

_____

GUTIERREZ, Judge

Jane Doe (Doe) appeals from the district court's order affirming the magistrate's order terminating Doe's parental rights to her son, T.H., due to neglect. Doe argues that the magistrate's decision was not supported by substantial and competent evidence. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On March 28, 2007, as a result of T.H.'s teacher discovering bruising on him, a child protection petition was filed alleging abuse and an unstable home environment. Jurisdiction

1

under the Child Protective Act was subsequently found under those bases. A case plan was prepared for T.H.'s mother and father who were not residing with each other. Thereafter, T.H.'s father voluntarily terminated his parental rights. A petition to terminate the parental rights of Doe was filed by the Department of Health and Welfare (the Department) on June 19, 2008. In the petition, the Department alleged that Doe had neglected T.H. by failing to comply with the applicable case plan and because reunification with T.H. had not occurred within the statutory time period. The Department also alleged that termination was in the best interests of T.H.

A trial on the termination of Doe's parental rights was held and lasted several days. During the trial, Doe attempted to call T.H. as a witness in the case, but the magistrate found that T.H. was in a fragile state and that even if T.H. were to testify, he would not put much weight on the testimony. On May 28, 2009, the magistrate rendered a decision finding that T.H. had been neglected by Doe because Doe was not in compliance with the case plan, and reunification with T.H. had not occurred within the statutory time period. The magistrate also found that termination was in the best interests of T.H. Doe appealed to the district court raising two issues: (1) the trial court erred by not allowing T.H. to testify during the trial; and (2) the trial court erred in finding sufficient evidence to terminate her parental rights. After an oral argument was held, the district court affirmed the magistrate's order terminating Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

In an action to terminate parental rights, due process requires this Court to determine if the magistrate's decision was supported by substantial and competent evidence. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 345-46, 144 P.3d

2

at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.
## ANALYSIS

### A.     Testimony of T.H.

Doe asserts that the magistrate abused its discretion by not allowing T.H. to testify during the trial because his testimony would have been extremely probative with regard to whether visits with Doe were uncomfortable and did not go well, whether he missed Doe or had a strong bond with her, and whether interactions with Doe were forced or unnatural. Doe also asserts that accommodations were suggested in order to minimize any emotional or psychological impact testifying would have had on T.H. In support of her argument, Doe relies on *State ex rel. Juvenile Dep't of Tillamook County v. Beasley*, 840 P.2d 78 (Or. 1992). Doe argues that the factors in *Beasley* must be applied before the trial court may refuse to allow a child to testify:

> [W]hether (1) the probative value of the child's testimony is (2) substantially outweighed by the risk of severe emotional or psychological harm to the child from testifying. In making the determination regarding the risk of severe emotional or psychological harm to the child, the trial court should consider such factors as: (1) the probability of severe emotional or psychological injury to the child as a result of testifying; (2) the degree of anticipated injury; (3) the expected duration of injury; and (4) whether the expected psychological injury is substantially greater than the reaction of an average child who testifies.

*Id.* at 84. However, in Idaho, it is a matter of discretion whether to allow a child to testify in both divorce and termination of parental rights cases, or to permit cross-examination by a parent's counsel. *State ex rel. Child v. Clouse*, 93 Idaho 893, 899, 477 P.2d 834, 840 (1970).

In essence, the magistrate here applied the standard in *Beasley*. The magistrate weighed arguments from both sides as to whether T.H. should or should not testify and determined that because of T.H.'s fragile state and the possibility that he would not offer any helpful testimony, it would not allow T.H. to testify at the termination hearing. Therefore, we conclude that the magistrate did not abuse its discretion.

### B.     Termination of Parental Rights

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*,

434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." I.C. § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id*. Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate concluded, among other things, that Doe had neglected T.H. for failing to comply with the case plan and because reunification between T.H. and Doe had not occurred within the time standards set forth in I.C. § 16-1629(9). Idaho Code Section 16-2002(3)(b) defines "neglect" as any conduct included in I.C. § 16-1602(25), as well situations where the "parent(s) has failed to comply with the court's orders in a child protective act case or the case plan, and reunification of the child with his or her parent(s) has not occurred within the time standards set forth in section 16-1629(9)." The time standard established by I.C. § 16-1629(9) is defined as when "a child is placed in the custody of the department and was also placed in out of the home care for a period not less than fifteen (15) out of the last twenty-two (22) months from the date the child entered shelter care."

### 1. Neglect

Doe asserts that the trial court erred in finding she neglected T.H. under I.C. § 16-2002(3)(b). As noted, I.C. § 16-2002(3)(b) provides that neglect is established if the parent fails to comply with the case plan and reunification of the child with the parent does not occur within the time limit set by I.C. § 16-1629(9). On appeal, Doe argues that the magistrate erred in finding that there was clear and convincing evidence that she had not complied with the case

4

plan.  Doe further argues that the magistrate erred in finding that the Department undertook reasonable efforts to try to reunite T.H. with Doe, but that those efforts had not "borne fruit."

Doe asserts that there is ample evidence that she complied with the case plan and made changes in order to be reunited with T.H.  Specifically, she argues that she maintained stable and appropriate housing for her children, she supplied the Department with certification that she had been attending parenting classes, she sought continuous care from a PSR (Psychosocial Rehabilitation) worker and counselor, and she cooperated with the Department to ensure her home was fit for T.H.'s return.  However, the record indicates that there is substantial and competent evidence to support the magistrate's decision that Doe was not in compliance with the case plan.

For instance, Doe's case plan provided that she would supply a safe, stable, and secure living environment for T.H.  Specifically, it stated that background checks on any potential roommate were required before they could live with Doe.  However, there was testimony that Doe moved in with her fiancé and failed to provide a background check in order for the Department to assess risk.  The case plan also provided that Doe would attend parenting classes and demonstrate her understanding of these classes by implementing the skills in interactions with T.H.  State witnesses testified that although Doe supplied the Department with certification that she had been attending parenting classes, Doe was not able to demonstrate that she understood the skills and how to apply them.  Through observation it was apparent that Doe did not understand the issues related to T.H.'s needs or that he requires extra services and hands-on treatment.  State witnesses also testified that Doe did not participate in staffings or services for T.H.  Furthermore, the case plan provided that Doe would cooperate with visitations arranged by the Department and if she was unable to attend a scheduled visit, she was to call the Department in advance.  The testimony of state witnesses relayed that Doe was cooperative early on and attended visits with T.H., but that she eventually became hostile toward the Department and became uncooperative.  At that point, supervised visits between T.H. and Doe generally did not go well; Doe did not want to meet with Department employees, and she became hard to work with because she would get very agitated.  Additionally, after visitation with T.H. was terminated, Doe never took any initiative to figure out why.  The evidence in the record supports the magistrate's decision that Doe was not in compliance with the case plan.

5

Doe also asserts that the magistrate erred in finding that the Department undertook reasonable efforts to try to reunite Doe with T.H., but that those efforts had not "borne fruit." Doe argues that she made an effort to try to reunite with T.H. because she made changes to her home in order to comply with the Department's instructions, participated in programs required by the Department, complied with all requests to supply forms and release information, received counseling and PSR services, completed numerous parenting classes, and complied significantly with the Department's case plan. However, the record shows that there was substantial and competent evidence that the Department made reasonable efforts to reunify Doe with T.H., but to no avail. The Department encouraged supervised visits between Doe and T.H. Department employees tried to meet with Doe after visits between Doe and T.H. stopped. However, attempts to contact her were often unsuccessful. In September 2008, the Department tried to contact Doe by phone to set up a meeting, but Doe was agitated and said the office was too far, and the Department never heard back from Doe. In October 2008, a letter was sent to Doe, but there was no response. Likewise, in November 2008, another letter was sent to Doe asking her to call and set up a meeting, but again there was no response. In addition, the Department offered gas vouchers for Doe to get to the Department office, but she never followed up on the offer. The record indicates that the Department made reasonable efforts for reunification. However, Doe failed to take advantage of any of the opportunities that the Department provided.

The magistrate's decision that T.H. was neglected as defined by I.C. § 16-2002(3)(b) because Doe failed to comply with the case plan and because reunification had not occurred between Doe and T.H. is supported by substantial and competent evidence.

### 2. Best interest of the child

Doe asserts that the magistrate erred in concluding that termination was in the best interests of T.H. "When a judge finds a statutory ground, such as neglect, he or she must then decide if termination of parental rights is in the best interests of the children." *Doe v. Dep't of Health & Welfare*, 141 Idaho 511, 516, 112 P.3d 799, 804 (2005). "This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated." *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009) (internal quotations omitted).

Based on the totality of the evidence presented at the trial, we conclude that there was substantial and competent evidence to support the magistrate's decision that termination was

6

proper. The state's evidence in this case was presented by the testimony of numerous witnesses, including case workers, a foster parent, the PSR worker, a counselor, the CASA (Court Appointed Special Advocate) worker, and the child's therapist, at a four-day trial. The witnesses' testimony indicated that visits between Doe and T.H. generally were uncomfortable and did not go well or progress over time. In fact, after visits between Doe and T.H. were suspended, T.H.'s behavior improved immensely. The state's witnesses opined that it did not appear that T.H. had formed a strong bond with Doe. Doe's mental assessment shows that she has a very low level of functioning, and that she has bipolar and borderline personality disorders. After considering all of this evidence, the magistrate correctly determined that termination was proper due to neglect, and because it would be injurious to T.H. to return him to Doe. Substantial and competent evidence supports the magistrate's conclusion that termination of Doe's parental rights was in the best interests of T.H.

## IV.

## CONCLUSION

The magistrate did not abuse its discretion in not allowing T.H. to testify during the trial. Additionally, there is substantial and competent evidence to support the magistrate's conclusion that Doe neglected T.H. for failure to comply with her case plan and because reunification did not occur within the statutory period. Moreover, there is substantial and competent evidence to support the magistrate's conclusion that termination was in the best interests of T.H. Accordingly, the district court's order affirming the magistrate's order terminating Doe's parental rights as to T.H. is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**