**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39145**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 452 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 26, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FRANK R. PEPPER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge. Hon. R. Barry Wood, Senior Judge.

Judgment of conviction and sentence for harboring a vicious dog, and order of restitution, <u>affirmed</u>.

Marilyn B. Paul, Chief Twin Falls County Public Defender; Trevor S. Misseldine, Deputy, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Frank R. Pepper appeals from the district court's intermediate appellate decision affirming the magistrate's judgment of conviction and sentence for harboring a vicious dog, Twin Falls County Code § 5-6-4D. Pepper claims that the evidence was insufficient to prove two elements of the prosecution's case-in-chief: (1) whether the dogs were unprovoked; and (2) whether Pepper was harboring the dogs. Pepper also argues that the State should be precluded from arguing alternative victims because it sought restitution for specific criminal conduct.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pepper's neighbor, Bethanie Cooke, awoke one morning to the sound of dogs yelping outside her home. When Cooke went outside to investigate, she saw three black dogs huddled

1

around a fourth dog. Cooke initially believed that the fourth dog may have been injured and went inside her home to obtain a shotgun to scare the dogs away. Once she returned, the dogs started coming towards her and she fired one shot. After the shot was fired, Cooke watched all four of the dogs run east to Pepper's house, which was approximately a quarter mile away. It was at that time Cooke saw that her three goats had been killed, which she believed to be caused by the dogs. Cooke believed the goats had been killed by dogs because their necks had "been eaten open" and "chewed on" and one goat had a "chunk" eaten out of its "rear quarter." She reported the incident to law enforcement.

Deputy Radmall arrived at Cooke's property and inspected the goats and he also concluded that the goats had been recently killed by dogs. Deputy Radmall then went to Pepper's property to look for the dogs and upon his arrival he saw several black dogs coming from behind the house. According to Deputy Radmall, the dogs acted aggressive, growled, and barked at him. Pepper came outside and the deputy told him what had transpired on Cooke's property. Pepper claimed his dogs were not responsible because the dogs "never leave the property." Pepper invited Deputy Radmall to inspect the dogs for blood or injuries, which he declined. Instead, the deputy wrote Pepper a citation and left without impounding any of the dogs.

The State subsequently filed a complaint charging Pepper with harboring a vicious dog in violation of Twin Falls County Code § 5-6-4D. Pepper pled not guilty and the case proceeded to trial before a magistrate. At the conclusion of the trial, the magistrate found Pepper guilty of the charged crime. Pepper appealed his conviction to the district court and the district court upheld Pepper's conviction. Pepper appeals.

## II.

## ANALYSIS

Pepper claims that the evidence presented to the trial court was insufficient to prove, beyond a reasonable doubt, that he harbored a vicious dog. Pepper also claims that the restitution order precludes the State from arguing on appeal that the dogs were vicious towards Cooke and Deputy Radmall. On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial

and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

Pepper challenges the sufficiency of the evidence supporting his conviction of harboring a vicious dog. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Pepper was found guilty of Twin Falls County Code § 5-6-4(D) which states:

> It shall be unlawful for any person to own, harbor, or have in his/her possession any dog or dogs which, when unprovoked act in a manner consistent with the definition of a vicious dog as defined in Section 5-6-1 of this Chapter. Such dog or dogs shall be prohibited and may be subject to impound and destruction pursuant to this Chapter.

(Ord.133, 6-26-1995). Additionally, Twin Falls County Code § 5-6-1 defines a vicious dog as:

> Any dog, which when unprovoked, has bitten, clawed, or otherwise harmed or constitutes a physical threat to persons or other animals, or a dog whose temperament or habits endanger or menace any person or other animal. This term shall not include a dog that bites, attacks, or menaces a person or other animal that has tormented or injured the dog.

(Ord. 133, 6-26-1995). Pepper specifically argues that the evidence presented at trial did not establish that the dogs were unprovoked or that he was harboring the dogs.

At trial, the State put on testimony that: (1) four black dogs were in Cooke's yard; (2) those same dogs chased Cooke back toward her house; (3) Cooke saw the dogs leave her property and go to and remain on Pepper's property; (4) Cooke's three pet goats were dead; (5) the goats had wounds to their necks and hind quarters; (6) the goats were chained up separately; (7) the goats had no previous incidents of aggression; (8) Cooke had previously seen Pepper's dogs attacking another neighbor's dog; (9) according to Deputy Radmall, the wounds on the goats were fresh; (10) the wounds looked like wounds inflicted by a dog; (11) Deputy Radmall saw approximately eight black dogs on the defendant's property; (12) Deputy Radmall determined them to be aggressive, in that they were growling and barking at him; (13) Deputy Radmall felt threatened by the dogs; and (14) the dogs were running loose on Pepper's property. The magistrate found that the State's evidence established that the vicious attack on Cooke's goats was committed by the dogs Pepper was harboring on his property. The magistrate also found that the State's evidence proved that the chained pet goats did not provoke the dogs and that the dogs acted aggressively towards Cooke and Deputy Radmall.

We have reviewed the trial evidence and conclude that there is substantial evidence upon which a reasonable trier of fact, considering the evidence and reasonable inferences, could have found that the prosecution sustained its burden of proving, beyond a reasonable doubt, that the dogs were unprovoked and that Pepper was harboring the dogs.

Pepper also claims that the State should be precluded from arguing alternative victims because it sought restitution for specific criminal conduct. Pepper was ordered to pay $450 for the loss of the goats. Pepper believes that the State is "arguing now on appeal that the people and not the goats were the victims" and if the "conviction was to be upheld on the actions of the dogs toward Ms. Cooke or Deputy Radmall, the restitution awarded should be overturned because the criminal conduct did not then create the economic loss."

Pepper argues that if the district court found in the alternative that the dogs were vicious towards Cooke and Deputy Radmall, then there would be no causal connection between the crime committed and the injury to the goats. This argument presumes that Pepper's conviction was upheld on the basis that the dogs acted aggressively towards Cooke and Deputy Radmall. Although the district court mentioned the acts of aggression towards Cooke and the deputy, the district court did not affirm the magistrate's findings on those grounds. The district court only mentioned the acts of aggression by the dogs towards Cooke and Deputy Radmall as

4

circumstantial evidence to further support the conclusion that the goats did not provoke the aggressive dogs. Likewise, this Court's affirmance of the district court is not based on the dogs being vicious towards Cooke and Deputy Radmall, but on the dogs killing the goats and Pepper harboring those dogs. Because there is a causal connection between the conduct for which the defendant is convicted, harboring a vicious dog, and the injuries suffered by the victim, the loss of the three pet goats, the order of restitution is proper.

## III.

## CONCLUSION

The evidence presented at trial was sufficient to sustain the verdict. Restitution is also proper because there is a causal connection between Pepper's crime of harboring a vicious dog and the injury that occurred. Therefore, the district court's intermediate appellate decision affirming Pepper's judgment of conviction, sentence, and order of restitution are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**