**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39701**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 465** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 26, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **G. W. HAIGHT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Carl B. Kerrick, District Judge; Hon. Barry Watson, Magistrate.

Decision, on intermediate appeal, affirming judgment of conviction for failing to signal a lane change, <u>affirmed</u>.

G. W. Haight, Coeur d'Alene, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

G. W. Haight appeals from the district court's decision, on intermediate appeal, affirming the judgment of conviction, entered by the magistrate, for failing to signal a lane change, an infraction. Haight argues the magistrate's finding of guilt was not supported by sufficient evidence. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Kootenai County Sheriff's Department Deputy Erik Hedlund issued Haight an infraction citation for "fail[ure] to signal with reasonable safety," a violation of Idaho Code § 49-808. A bench trial was held and the only witnesses who testified were Haight and Deputy Hedlund. The magistrate found that Haight committed the infraction and entered a judgment.

Haight appealed to the district court, and the district court affirmed. Haight filed a timely notice of appeal from the district court's decision, arguing that evidence consisting solely of one

1

witness's testimony is insufficient to satisfy the State's burden of proving guilt beyond a reasonable doubt.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

In Idaho, although a traffic infraction is denominated a "civil public offense" and carries no right to trial by jury, it is otherwise treated like a criminal offense for the purposes of trial and is subject to the same burden of proof. I.C. § 49-1502; Idaho Infraction Rules 1 and 7. Thus, the state must prove the elements of an infraction beyond a reasonable doubt. I.I.R. 7(e).

Our review of the sufficiency of the evidence is limited to ascertaining whether there is substantial evidence upon which the trial court could have found that the prosecution met its burden of proving the essential elements of the infraction beyond a reasonable doubt. *State v. Bettwieser*, 143 Idaho 582, 588, 149 P.3d 857, 863 (Ct. App. 2006); *State v. Thompson*, 130 Idaho 819, 821, 948 P.2d 174, 176 (Ct. App. 1997); *State v. Reyes*, 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct. App. 1992). Stated another way, it is not the province of this Court to determine whether the evidence the trier of fact relied on actually meets the applicable burden of proof. Rather, it is the province of this Court to examine the evidence the trier of fact relied upon in making that conclusion and determine whether that evidence is substantial and competent.

2

## III.

## DISCUSSION

### A.     Weight of the Evidence

Haight contends the principles of law are being wrongly applied and misleading the public.  What Haight appears to be referring to is the state's burden of proving guilt beyond a reasonable doubt.   Haight refers to the fact that a defendant enters a courtroom with a presumption that he is innocent.  He contends it is then the state's burden to move the proverbial needle from innocent past scintilla, past preponderance, past clear and convincing, and all the way to guilt beyond a reasonable doubt.  Haight argues that in this setting, when the state offers only the testimony of one fact witness, and that witness's testimony is disputed in all material respects, it is not possible to meet the heavy burden of guilt beyond a reasonable doubt.

On review, we will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).  Moreover, we will consider the evidence in the light most favorable to the prosecution.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Assuming, without deciding, that Haight is correct in his assessment, his argument is one for the trier of fact to consider.  Haight essentially argues that a certain quantum of evidence is required before he can be found guilty beyond a reasonable doubt.  He is correct.  The extent of this Court's review, however, is whether the evidence considered was evidence upon which a reasonable trier of fact could rely, not whether the evidence considered was of sufficient weight to justify reliance.  Once each element of a crime or infraction has been alleged, exactly how much weight to be afforded the evidence presented at trial in order to sustain the burden is a determination only the trier of fact can make.  Because the magistrate, as the trier of fact, determined the weight of evidence sufficient to sustain the State's burden of guilt beyond a reasonable doubt, that finding cannot be disturbed unless the evidence on which the magistrate relied was not substantial and competent.

**B.      Substantial and Competent Evidence**

Haight argues that the evidence presented by the State in his trial was not substantial and competent by setting forth the Webster's Dictionary's definition of the word "substantial" and proceeding to discuss why, in his view, the State's evidence did not meet the definition. However, "substantial," as used in the law is a legal term of art. It is defined by case law.

The "substantial evidence" test does not require that evidence be un-contradicted. *State v. Herrera*, 149 Idaho 216, 219, 233 P.3d 147, 150 (Ct. App. 2009). Evidence is sufficient to sustain a conviction if it would allow a rational trier of fact to conclude that the defendant's guilt as to each material element has been proved beyond a reasonable doubt. *State v. Matthews*, 124 Idaho 806, 813, 864 P.2d 644, 651 (Ct. App. 1993). At a minimum, the trier of fact must be justified in inferring that the evidence presented meets the elements of the charged offense. *See State v. Curry*, 153 Idaho 394, 402-03, 283 P.3d 141, 149-150 (Ct. App. 2012).

Haight was cited for an infraction for violating section 49-808, specifically for failing to signal in a safe manner. Officer Hedlund testified that he witnessed Haight move from the left-hand lane, through the right-hand lane, and onto an off-ramp without using his turn signal. Further, Officer Hedlund testified that during the aforementioned maneuver, he witnessed Haight move in front of another car, which then applied its brakes. While Officer Hedlund did not testify that there was any risk of collision, he did testify that the driver of the other car applied its brakes, which caused a slight forward movement at the front end of the vehicle. Essentially, from the testimony offered by Officer Hedlund, it appears that Haight cut the other vehicle off to some extent when he moved from the left-hand lane into the right-hand lane. The facts alleged by Officer Hedlund satisfy the elements of section 49-808, despite the fact Haight testified that he used his signal in a safe manner. It was then the sole province of the magistrate to weigh the credibility of the testimony and the witnesses and make findings of fact. We hold that a reasonable trier of fact would be justified in relying on an officer's testimony about conduct that violated the elements of a statute, and therefore, viewing the evidence in a light most favorable to the prosecution, the evidence the court relied upon was substantial and competent.[1] Because the

---

[1]      Haight argues that Officer Hedlund was somehow afforded some extra credibility by the magistrate. This assertion is not reflected anywhere in the transcript of the trial. To the contrary, the magistrate found that the officer had exaggerated certain portions of his testimony.

4

evidence was substantial and competent, the magistrate was entitled to find that Haight had violated section 49-808.

## IV.
## CONCLUSION

The magistrate relied on substantial and competent evidence in finding Haight guilty of an infraction beyond a reasonable doubt. The district court's decision, on intermediate appeal, affirming the judgment of conviction for failing to signal a lane change is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**