# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40093

| | |
|---|---|
| IN THE MATTER OF THE COMMITMENT OF: JANE (2012-04) DOE. ) | 2013 Unpublished Opinion No. 518 |
| _____ ) | Filed: May 30, 2013 |
| ) | |
| JANE (2012-04) DOE, ) | Stephen W. Kenyon, Clerk |
| ) | |
| Petitioner-Appellant, ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| v. ) | BE CITED AS AUTHORITY |
| ) | |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge; Hon. Barry Watson, Magistrate.

Order, on intermediate appeal, affirming magistrate's order for hospitalization, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Marcus O. Draper, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Jane (2012-04) Doe appeals from the district court's order on intermediate appeal affirming the magistrate's order for hospitalization. Specifically, she challenges the magistrate's denial of her motion to dismiss the State's application for involuntary commitment on the grounds that the application was untimely filed. We affirm.

A counselor at the jail reported that Doe, an inmate, was in "a psychotic state [with] delusional symptoms" and recommended "psychiatric acute intervention." The State filed a "Motion for Protective Custody, Transportation and Temporary Release," which the magistrate granted on Wednesday, August 10, 2011. Based on the magistrate's order for protective custody,

1

Doe was placed in the Psychiatric Unit of North Idaho Behavioral Health. The temporary custody order required that the first examination of Doe be done within twenty-four hours of placement or Thursday, August 11 and that the second examination and the State's application be done within twenty-four hours of the first examination or Friday, August 12.

The State however did not file its application, accompanied by both examinations, until Monday, August 15, 2011. An evidentiary hearing on the application was then held on Tuesday, August 16 to determine if Doe met the criteria for involuntary commitment. At the conclusion of the evidence, Doe moved to dismiss the application on the grounds that the State had failed to timely pursue the action as required by statute. The magistrate denied Doe's motion and ultimately ordered that Doe be committed, finding Doe was mentally ill and a danger to others. Doe appealed to the district court, which affirmed the magistrate. Doe now appeals to this Court.

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760; *DeWitt*, 145 Idaho at 711, 184 P.3d at 217.

Temporary custody of persons subject to civil commitment is controlled by Idaho Code section 66-326. That statute provides that a court issuing a temporary custody order must order an examination of the person in custody within twenty-four hours of the entry of the order. I.C. § 66-326(2). The designated examiner then must file his or her report to the court within twenty-four hours of the examination. I.C. § 66-326(3). If the examiner finds the person is gravely disabled and dangerous, the State must file an application with the court within twenty-four hours. I.C. § 66-326(4). The statute further provides, "If no petition is filed within twenty-four (24) hours of the designated examiner's examination of the person, the person shall be released from the facility." I.C. § 66-326(4).

2

Civil commitment proceedings are governed by Idaho Code section 66-329. That statute provides that once both designated examiners have filed their reports, the court must hold a hearing within seven days of the receipt of the second report. I.C. § 66-329(f). It was at the conclusion of this evidentiary hearing that Doe made her motion to dismiss her case.

On appeal, Doe argues that because "It is not possible to simultaneously order the commitment and the release of the same individual," then "the requirement that the Appellant be released is also a requirement that the case be dismissed." Although the State concedes the time strictures were not followed in Doe's case, it responds that Doe is not entitled to the relief she seeks pursuant to the plain language of the statute.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Doe's argument is without merit. The language of the statute is plain and unambiguous. Once Doe had been detained longer than the time allowed under the statute, she was entitled to be released from custody. However, even if she had been released from the facility in which she was held, nothing in the statute bars the State from continuing to prosecute commitment proceedings. As the State correctly points out, there is no conflict between requiring the release of a person being held on a temporary custody order issued under section 66-326 and proceeding

3

under section 66-329 for a civil commitment. Although the statutes require release from the temporary custody order if an application is not filed within twenty-four hours, Doe was not then entitled to dismissal of her case.

Doe has failed to show error in the denial of her motion to dismiss. Accordingly, we affirm the district court's order, on intermediate appeal, affirming the magistrate's order for hospitalization.

Judge GRATTON and Judge MELANSON **CONCUR.**

4