**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45112**

| | |
|---|---|
| **MARK D. COLAFRANCESCHI,** | ) |
| | ) **Filed: June 10, 2020** |
| **Plaintiff-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **DURENA SCHOONOVER,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Respondent.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge.

Judgment modifying custody, <u>affirmed</u>.

Mark D. Colafranceschi, New Meadows, pro se appellant.

Durena (Schoonover) Farr, Boise, pro se respondent.

_____

GRATTON, Judge

Mark D. Colafranceschi appeals from the district court's order affirming the magistrate court's decision to modify child custody. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is the result of a protracted child custody dispute. Colafranceschi and Schoonover were never married, but lived together for a number of years and share one minor child. On August 31, 2010, Colafranceschi filed a complaint for a determination of paternity, custody, visitation, and child support. Colafranceschi initially sought joint legal and physical custody but when Schoonover sought primary care and control of the child the proceedings turned bitter. A number of proceedings (unrelated to custody) ensued, which included allegations by Colafranceschi of judicial bias, conspiracy, and the use of unqualified child custody evaluators.

1

Eventually, a trial was held to address custody and support modifications. The magistrate court issued its findings of fact and conclusions of law on December 30, 2013. The magistrate court determined Colafranceschi and Schoonover would share legal custody and Schoonover would retain primary physical custody. This decision was appealed and later affirmed by the district court. Colafranceschi appeals from this decision; however, the order has since been modified to give Schoonover full legal and physical custody of the child.[1] Colafranceschi timely appeals from the previous order.

## II.

## STANDARD OF REVIEW

The Court of Appeals reviews the magistrate court's record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Losser v Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). Thus this Court does not review the decision of the magistrate court. *Id.* Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Accordingly, we will review the district court's decision to determine whether it correctly addressed the issues raised on appeal. *Papin v. Papin*, 166 Idaho 9, 18, 454 P.3d 1092, 1101 (2019).

## III.

## ANALYSIS

On appeal, Colafranceschi makes a number of claims, none relating to the order from which he appeals: "It is warranted and requested that this court use its own discretion to investigate the Abuse of Process." "[I]t is fair for this Supreme Court to inquire into allegations of [the magistrate's] cognitive function and abilities as a judge. At the heart of this appeal is [the district judge] covering up and ignoring the claims made in the District Court Appeal Brief . . . ." Colafranceschi alleges a number of judges intentionally abused their discretion, ignored objective facts, committed judicial misconduct, and asks this Court to use its own discretion to find the truth. At best, these claims constitute unsupported allegations regarding people who are

---

[1] The order was modified on June 30, 2017.

not parties to the appeal and are not relevant to the custody issues surrounding the parties' child.[2] Ultimately, Colafranceschi fails to make any cogent arguments. Instead of providing the required argument, authority, and factual basis for why the custody order was erroneous, Colafranceschi appears to argue he is the victim of a personal vendetta amongst Idaho judges to undermine his case. We will not entertain an issue that is not supported by any cogent argument or authority. *Bach v Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). As Colafranceshi's argument is devoid of reasoned analysis or relevant authority, we need not consider it.[3]

Moreover, as noted by Schoonover, the issue is moot. A case becomes moot when the issues presented are no longer live or the appellant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Colafranceschi appeals from an order that has since been modified and is no longer controlling. Therefore, this Court cannot provide relief as any decision regarding custody has since been superseded by a more recent order.

## IV.

## CONCLUSION

Colafranceschi has failed to make any cogent arguments, provide legal authority, or support his assertions on appeal; therefore, his claims will not be considered. Additionally, the issues Colafranceschi raises are moot because the order controlling custody of the minor child is not the order from which Colafranceschi appeals. Accordingly, we affirm.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[2] An appellate court will not search the record on appeal for error; consequently, to the extent that an assignment of error is not argued and supported in compliance with appellate rules, it is deemed to be waived. Appellate Rule 35(a)(6); *see also Liponis v. Bach*, 149 Idaho 372, 375, 234 P.3d 696, 699 (2010).

[3] Pro se litigants are held to the same standards as those litigants represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

3